**ALABAMA MEDICAID AGENCY, an agency of the State of Alabama; Faye S. Baggiano, Commissioner · of Medicaid, Alabama Medicaid Agency, Plaintiffs,**

**v.**

**George R. HOLLAND, Regional Administrator of Department of Health and Human Services, Health Care Financing Administration, Region IV; James J. Pirkle, Associate Regional Administrator, Division of Financial Operations, Department of Health and Human Services, Health Care Financing Administration, Region IV; Margaret M. Heckler, Secretary of Health and Human Services, Defendants.**

Civ. A. No. 85–H–759–N.

United States District Court,
M.D. Alabama, N.D.

Feb. 28, 1986.

Charles A. Graddick, Atty. Gen., State of Ala., Herman H. Hamilton, Jr., Sp. Asst. Atty. Gen., Montgomery, Ala., for plaintiffs.

John C. Bell, U.S. Atty., Charles R. Niven, Asst. U.S. Atty., Montgomery, Ala., for defendants.

MEMORANDUM OPINION
AND ORDER ·

HOBBS, Chief Judge.

This cause is now before the Court on defendants' motion to dismiss, or in the alternative, motion for summary judgment,

---

**256**

filed on December 13, 1985. A hearing on said motion was held on January 14, 1986, and the Court has now received the parties' post-hearing briefs. Upon consideration of said motion, the Court concludes that because plaintiffs have not attempted to exhaust their administrative remedies before the Grant Appeals Board, *see* 45 C.F.R. Part 16, this case is not ripe for judicial review.

This action contains numerous complex, technical, and close issues regarding alleged abuses of discretion on the part of the Secretary of Health and Human Services in adopting regulations and interpretations pursuant to 42 U.S.C. § 1396b. A proper determination of these issues will require a more thorough factual development of the background of these disputes, and a greater understanding of the statutory scheme of Title XIX of the Social Security Act, the methods and procedures of state plan financing, and the goals and, more importantly, the limitations of the claims processing systems contemplated by 42 U.S.C. § 1396b.

Such important issues and determinations deserve to be addressed initially by the Grant Appeals Board which has special expertise in this area. Furthermore, requiring exhaustion of plaintiffs' administrative remedies before permitting judicial intervention in this dispute will promote judicial efficiency, recognize agency autonomy, and reduce the possibility that "frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." *McKart v. United States,* 395 U.S. 185, 193 (1969); *see also Computer Sciences Corp. v. NLRB,* 677 F.2d 804, 807 (11th Cir.1982); *Granville House v. Dept. of Health and Human Services,* 715 F.2d 1292, 1300 (8th Cir.1983).

Accordingly, the Court is of the opinion that this case is not ripe for review, and this case is therefore due to be and is hereby dismissed without prejudice to further proceedings before the Grant Appeals Board.